IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LENNIL L. JOHNSON, #18690, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 15-cv-00463-MJR |
| VILLAGE OF BROOKLYN, IL, VERA GLASPER BANKS, STEVEN MITCHELL, DEAN ANDERSON, CIERRA CALDWELL, and CHRISTOPHER HEATHERLY, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff is a seasoned *pro se* litigant, who has filed almost two dozen civil rights actions in this Court during the past two decades (Doc. 1, p. 4). He commenced his most recent action on April 28, 2015, by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) against the Village of Brooklyn, Illinois, and five of its officials. Along with the complaint, Plaintiff filed a motion seeking leave to proceed *in forma pauperis* ("IFP") (Doc. 2).

Before conducting its preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, the Court denied Plaintiff's IFP motion on May 19, 2015 (Doc. 7). Plaintiff "struck out" prior to commencing this action, by filing at least three other lawsuits that were frivolous or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Section 1915(g) therefore prohibits him from proceeding IFP in this action unless he faces imminent danger of serious physical injury. The complaint suggests no such thing. Plaintiff was

therefore ordered to prepay the full filing fee of $400 no later than June 9, 2015, in order to proceed with this action. Plaintiff paid the filing fee prior to this deadline.

The complaint is now subject to preliminary review under 28 U.S.C. § 1915A. However, the Court cannot complete this review because the 121-page, 107-paragraph complaint clearly runs afoul of Federal Rules of Civil Procedure 8 and 10. Therefore, it shall be dismissed without prejudice, and Plaintiff shall be given an opportunity to file a properly amended complaint according to the instructions set forth herein.

## The Complaint

Plaintiff, who is currently housed at Madison County Jail in Illinois, brings this action pursuant to 42 U.S.C. § 1983 against the Village of Brooklyn ("Village"), Vera Glasper-Banks (mayor), Steven Mitchell (chief of police), Dean Anderson (patrol officer), Cierra Caldwell (patrol officer), and Christopher Heatherly (detective). According to the complaint, Plaintiff was the victim of an illegal tow scheme, in which Village officials conducted unlawful traffic stops, issued baseless citations, and towed vehicles, all in an effort to generate revenue to pay their own salaries in 2014. In connection with this scheme, Plaintiff claims that the Village and five of its officials violated his federal constitutional and state statutory rights for an 18-month period ending on March 23, 2015.

Specifically, the complaint alleges that on September 23, 2014, a Village official stopped Plaintiff while he was operating a Porsche in the Village. He was subjected to an allegedly unlawful search of his person and the vehicle. No contraband was found. Nevertheless, the Village official issued Plaintiff a citation for being unlicensed, imposed a $500 fine, and had the vehicle towed.

When Plaintiff protested, he was directed to speak to the chief of police or mayor. Plaintiff spoke with the police chief the same day. Plaintiff reluctantly agreed to pay a reduced fine of $300 and a towing fee of $185 in order to reclaim the vehicle. However, the police chief warned Plaintiff to leave the Village and never return.

Plaintiff disregarded this warning. Months later, he returned to the Village to visit a friend. Word of his presence spread quickly to the police chief, who, along with several officers, made their way to the residence Plaintiff was visiting. When the officers announced their presence with weapons in hand, Plaintiff dropped to the floor in surrender. The officials allegedly beat Plaintiff and unleashed a canine from the Village's K-9 Unit to attack him. Plaintiff sustained permanent injuries, and his subsequent requests for medical attention were disregarded. Ultimately, Plaintiff was detained at Madison County Jail on allegedly false charges.

## Discussion

The complaint represents an egregious violation of Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. CIV. P. 8(a). Rule 8(d) requires that each allegation within the complaint "be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). If doing so would promote clarity, Rule 10 authorizes a party to state each claim "founded on a separate transaction or occurrence" in separate counts and "adopt by reference" statements that are made elsewhere in the same pleading. FED. R. CIV. P. 10(b), (c).

Even affording Plaintiff's complaint the liberal construction that a *pro se* pleading deserves, it is in clear violation of these pleading requirements. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The complaint is anything but concise. The factual allegations that are summarized by the Court in 4 paragraphs above took Plaintiff 107 paragraphs to set forth in the complaint. These allegations fill the first 75 pages of Plaintiff's 121-page complaint; pages 36-40 are missing. The complaint is unnecessarily long and wordy. The Seventh Circuit has long made it clear that a "prolix and/or confusing [complaint] makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom*, *Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (citation omitted). Although length is a factor in the Court's decision to dismiss the complaint and require Plaintiff to re-plead his claims, it is not the only reason for doing so.

The allegations are exceedingly redundant and confusing. The language in each of the 107 paragraphs is so repetitive that the Court begins to wonder what, if any, new information might be offered. And yet, upon completion of review, it appears that Plaintiff has told the same story several times in the complaint. This is unnecessary.

Lost in a sea of irrelevant and redundant information are Plaintiff's claims. Vague references are made to numerous legal claims, including, but not limited to claims for an unlawful traffic stop, unlawful search of Plaintiff's person, unlawful search of the Porsche, unlawful arrest, wrongful imprisonment, malicious prosecution, police brutality, excessive force, deliberate indifference to Plaintiff's medical needs, conspiracy, multiple Freedom of Information Act ("FOIA") violations, denial of equal protection of the law, release of a vehicle to a non-registered owner, and an illegal tow scheme operation. In conclusory fashion, Plaintiff also

alleges that his rights were violated under the First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments.  Likewise, he alleges that the following Illinois statutes were violated: 725 ILL. COMP. STAT. § 5/103-2, 725 ILL. COMP. STAT. § 5/103-4, 725 ILL. COMP. STAT. § 5/103-7, 20 ILL. COMP. STAT. § 301/25-15, and 20 ILL. COMP. STAT. § 301/30-5.  In stark contrast to Plaintiff's factual allegations, Plaintiff's legal claims are stated in conclusory fashion and often fail to identify a defendant in connection with each claim.  The Court is left to forever sift through the pages of the complaint in search of the claims Plaintiff is actually raising.  The Court and Defendants are not required to go to these lengths, particularly at this early stage in litigation.

Finally, it appears that Plaintiff is attempting to improperly bring unrelated claims in a single case.  Rule 20 allows Plaintiff to join as many defendants as he wants in one action, if "any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" **and** "any question of law or fact common to all defendants will arise in the action."  FED. R. CIV. P. 20(a)(2).  However, "[u]nrelated claims against different defendants belong in different suits."  *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  This rule prevents a litigant from "throw[ing] all of his grievances, against dozens of different parties, into one stewpot."  *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).  It also prevents prisoners from dodging filing fees or the three-strikes provision in the Prison Litigation Reform Act.  *George,* 507 F.3d at 607.  Thus, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *Id*.

It appears that Plaintiff's claims against Defendant Caldwell may be unrelated to his claims against the remaining defendants.  It also appears that Plaintiff's claims against the

remaining defendants, which arise from events occurring over the course of eighteen months, may arise from separate transactions or occurrences or involve questions of law or fact that are not common to all defendants. If that is the case, Plaintiff should omit misjoined claims from this action when filing his amended complaint. *Taylor v. Brown*, --- F.3d ---, 2014 WL 9865341, at *5 (7th Cir. June 2, 2015) (amendment of complaint is a proper method of "adding or dropping parties and claims" when claims are misjoined). He is then free to bring one or more separate actions to address the misjoined claims, if and when he chooses to do so.[1] If Plaintiff brings unrelated claims against different defendants in his amended complaint, the Court will exercise its authority under Rule 21 to sever those claims into separate actions on its own; this will, of course, involve the imposition of a separate filing fee for each newly severed case. *See* FED. R. CIV. P. 21.

Because Plaintiff's complaint is too muddled for either the Court or Defendants to manage, it shall be dismissed without prejudice. *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under FED. R. CIV. P. 8(a) is permitted. . . ."). *See also Vicom, Inc.*, 20 F.3d at 775-76. However, Plaintiff shall be granted leave to file an amended complaint. When doing so, Plaintiff should limit his factual allegations to thirty pages or less. He should separate his claims against each defendant into separate numbered counts and briefly describe the factual allegations giving rise to the claim against each defendant or group of defendants. Rather than repeating the same language from paragraph to paragraph, Plaintiff should incorporate the language by reference to

---

[1] When doing so, Plaintiff must be mindful of the applicable statute of limitations for each claim. The events giving rise to this action occurred in 2014. Therefore, Plaintiff does not appear to face any impending statute of limitations for his claims brought pursuant to 42 U.S.C. § 1983. Claims brought in Illinois under 42 U.S.C. § 1983 are subject to the two-year statute of limitations applicable to personal injury claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); 735 ILL. COMP. STAT. § 5/13-202.

preceding paragraphs. Unrelated claims against different defendants should also be brought in separate actions.

### Pending Motions

**1.     Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff has filed a motion for service of process at government expense (Doc. 4), which shall be held in **ABEYANCE** pending receipt of the amended complaint.

**2.     Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff has also filed a motion for recruitment of counsel (Doc. 3), which is hereby **DENIED** without prejudice. There is no constitutional or statutory right to the appointment of counsel in a civil case. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers

such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

It is unclear what efforts Plaintiff has made to recruit counsel. He generally, and rather vaguely, alleges that he asked numerous attorneys to take his case on a contingency fee basis, and no one agreed to do so. Plaintiff did not provide any further details regarding his efforts to secure counsel on his own (e.g., the names of attorneys, dates of his requests, or copies of communications from them). Therefore, the Court cannot adequately assess his efforts.

Further, the Court finds that it would be inappropriate to recruit counsel at this time. Despite his grade school education, Plaintiff has demonstrated his ability to litigate his claims in federal court. He has filed approximately two dozen civil rights actions pursuant to 42 U.S.C. § 1983 during the past two decades. And although he has "struck out," his complaints have survived threshold review more often than not. As for the pleadings that he filed in this case, the Court finds that Plaintiff is capable of preparing an amended complaint without counsel. The legal principles at issue are of the sort regularly litigated by inmates *pro se*. Despite its length and redundancy, the complaint is generally well written. Plaintiff simply needs to streamline his factual narrative and clearly identify what claims he is asserting against each defendant and why. At this early stage, the Court finds that Plaintiff can do this on his own. Therefore, the motion for recruitment of counsel (Doc. 3) is **DENIED** without prejudice to Plaintiff renewing this request, should it become necessary to do so in the future.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for non-compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff is **GRANTED** leave to file his amended complaint **on or before August**

**13, 2015.** Should Plaintiff fail to file an amended complaint within the allotted time, dismissal will become with prejudice.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  *See* FED. R. CIV. P. 21.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. 41(b).

**IT IS SO ORDERED.**

**DATED: July 8, 2015**

**s/ MICHAEL J. REAGAN**
**Chief District Judge**
