IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LENNIL L. JOHNSON,** **#18690,** | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) ) Case No. 15-cv-00463-MJR ) |
| **VILLAGE OF BROOKLYN, IL,** **VERA GLASPER BANKS,** **STEVEN MITCHELL,** **DEAN ANDERSON,** **CIERRA CALDWELL,** **and CHRISTOPHER HEATHERLY,** | ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

On April 28, 2015, Plaintiff commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) against the Village of Brooklyn, Illinois, and five of its officials. Along with the complaint, he filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which the Court denied on May 19, 2015 (Doc. 7). Plaintiff was ordered to prepay the full filing fee of $400.00 for this action, if he intended to proceed with his claims. Plaintiff paid this full amount, and the Court screened his complaint.

On July 9, 2015, the Court dismissed the complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure (Doc. 11). However, the dismissal was without prejudice, and Plaintiff was granted leave to file an amended complaint on or before August 13, 2015 (Doc. 11, pp. 8-9). He was warned that failure to file a properly amended complaint by that deadline would result in the dismissal of this action with prejudice.

The deadline has now passed. Plaintiff has not filed an amended complaint. He has also failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED** with prejudice for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall not count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's pending motion for service of process at government expense (Doc. 4) is hereby **DENIED** as **MOOT**.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 24, 2015**

s/ MICHAEL J. REAGAN
Chief Judge,
United States District Court
